UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDGAR ZUNIGA-MEJIA,

    Plaintiff,

v.                                Case No. 5:23-cv-205-TKW/MJF

JEFF THOMAS, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff's amended complaint, the undersigned recommends that this action be dismissed as malicious, under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for Plaintiff's failure to disclose honestly and accurately his federal litigation history. The undersigned makes this recommendation even though—because of the statute of limitations—dismissal likely will preclude Plaintiff from asserting his claims in a subsequent civil action.

### I. BACKGROUND

Plaintiff is a prisoner in the custody of the Florida Department of Corrections. Doc. 13 at 5. His Florida Department of Corrections inmate number is "423882." *Id.* at 1.

A. <u>Plaintiff's Original Complaint</u>

On July 26, 2023, Plaintiff commenced this civil action against four employees of the Graceville Correctional Facility. Doc. 1 at 1. He asserts that between August 1 and September 8, 2019, Defendants engaged in a "campaign of harassment" in retaliation for Plaintiff filing a grievance against a dentist. *Id.* at 7–10.

Relevant here, the complaint form utilized by Plaintiff sought information regarding Plaintiff's litigation history. Doc. 1 at 14–17. The form contained the following warning: "***Failure to disclose all prior cases may result in the dismissal of this case.***" *Id.* at 17. Plaintiff disclosed that he had filed the following cases and appeal:[1]

- a civil rights action that was filed in the Tampa Division of the Middle District of Florida and was dismissed between 1997 and 1999;

- *Zuniga-Mejia v. Filipczack*, No. 5:20-cv-284-RV-MJF (N.D. Fla.) (closed Apr. 21, 2021);

- *Zuniga-Mejia v. Sec'y, Fla. Dep't of Corr.*, No. 15-14509 (11th Cir.) (closed Jan. 26, 2016); and

- *Zuniga-Mejia v. Sec'y, Fla. Dep't of Corr.*, No. 8:12-cv-1403 (M.D. Fla.) (closed July 28, 2015).

---

[1] Plaintiff also disclosed several cases and appeals that he filed in state courts. The undersigned confines this discussion only to Plaintiff's federal litigation history.

*Id.* at 15–16. Plaintiff then signed the complaint after the following declaration: "I declare under the penalty of perjury that the foregoing (including all continuation pages) is true and correct." *Id.* at 17–18.

**B.     The Undersigned's Order to Amend the Complaint**

Pursuant to sections 1915(A) and 1915(e)(2)(B), the undersigned screened Plaintiff's complaint. On May 16, 2024, the undersigned issued an order identifying numerous deficiencies with Plaintiff's complaint and afforded Plaintiff an opportunity to correct the deficiencies. Doc. 10. The undersigned explained to Plaintiff that "if Plaintiff chooses to proceed with this action, he must: . . . (12) answer all questions on the complaint form, including those about his litigation history, both completely and honestly." *Id.* at 8. The undersigned also warned Plaintiff "[a]**n affirmative misrepresentation to the questions on the complaint form, including those regarding his litigation history, likely will result in the dismissal of this action.**" *Id.* at 8 n.2 (emphasis in original). The undersigned imposed a compliance deadline of June 17, 2024. *Id.* at 9.

## C.    Plaintiff Request for an Extension of Time

On June 13, 2024, Plaintiff sought a 30-day extension of time to comply with the undersigned's order to amend the complaint. Doc. 11. On June 19, 2024, the undersigned granted Plaintiff's motion and provided Plaintiff until July 18, 2024, to amend the complaint. Doc. 12.

## D.    Plaintiff's Amended Complaint

On July 17, 2024, Plaintiff filed his amended complaint. Doc. 13. The complaint form utilized by Plaintiff sought information regarding Plaintiff's litigation history. *Id.* at 25–33. It also contained the following warning: ***"Failure to disclose all prior cases may result in the dismissal of this case."*** *Id.* at 27. Plaintiff again disclosed the cases and appeal that he disclosed in his original complaint. Plaintiff also amended the disclosure to include the following two cases and appeal:

- *Zuniga-Mejia v. Filipezack*, No. 5:20-cv-258-RV-MJF (N.D. Fla.) (closed Apr. 21, 2021);

- *Zuniga-Mejia v. Godwin*, No. 5:23-cv-20-TKW-MJF (N.D. Fla) (closed Mar. 11, 2024); and

- *Zuniga-Mejia v. Godwin*, No. 24-11089 (11th Cir.) (closed May 1, 2024).

Page 4 of 16

*Id.* at 25–33. Plaintiff then signed the complaint after the following declaration: "I declare under the penalty of perjury that the foregoing (including all continuation pages) is true and correct." *Id.* at 27, 34.

## II. DISCUSSION

**A.     Screening Under the PLRA**

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). "An action is malicious when a prisoner misrepresents his litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021). This is true "regardless of whether the Plaintiff's response to the question was knowing or intentional." *Ballard v. Broling*, No. 22-12651, 2023 WL 6799147 at *1 (11th Cir. Oct. 16, 2023). Pursuant to a district court's screening obligation under the PLRA, federal courts are required to dismiss a prison's civil action when it is frivolous, is malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

B.     **Plaintiff's Disclosures**

Section VIII of the complaint form utilized by Plaintiff seeks information regarding Plaintiff's prior litigation. Doc. 13 at 7, 25–27; *Cf.* Doc. 1 at 14–17. The complaint form expressly warns "**Failure to disclose all prior cases may result in the dismissal of this case.**" Doc. 13 at 27; *cf.* Doc. 1 at 17. The complaint form asks three questions:

> A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a strike?
>
> B. Have you filed other lawsuits in either **state or federal court** dealing with the same facts or issues involved in this case?
>
> C. Have you file any other lawsuit in **federal court** either challenging your conviction or relating to the conditions of your confinement?

Doc. 13 at 25–26. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any of these questions, then the plaintiff must disclose all responsive cases. *Id.*

In response to these Questions, Plaintiff disclosed a total of five civil action and two appeals. Doc. 13 at 25–33; *cf.* Doc. 1 at 15–16. At the end of the complaint, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated

above and included on or with form, including my litigation history, is true and correct." Doc. 13 at 27, 34; *cf.* Doc. 1 at 17–18. That is, Plaintiff asserted under the penalty of perjury that the identified cases and appeals were his only prior litigation.

## C.   Plaintiff's Omissions

The undersigned takes judicial notice that when Plaintiff filed his original complaint and amended complaint, Plaintiff failed to disclose that he filed the following two civil actions in the United States District Court for the Northern District of Florida:

- *Zuniga-Mejia v. Thomas*, No. 5:22-cv-86-TKW-MJF (N.D. Fla. Oct. 3, 2022); and

- Zuniga-Mejia v. Thomas, 5:22-cv-87-TKW-MJF (N.D. Fla. Oct. 3, 2022).[2]

These cases are attributable to Plaintiff insofar as they bear his FDC inmate number. Additionally, both of these cases were responsive to Question C of the complaint form because they challenged the conditions of confinement.

---

[2] By confining this discussion to the cases identified above, the undersigned does not imply that these are the *only* cases that Plaintiff was required, but failed, to disclose in his complaints.

Because Plaintiff failed to disclose these cases in his complaint and amended complaint, Plaintiff violated his duty of candor to the District Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

## D. The Materiality of Plaintiff's Omissions

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious

litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, information regarding a plaintiff's litigation history assists district courts in determining the plaintiff's experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (per curiam); *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

The time that district courts are required to expend to verify the cases a plaintiff has filed but failed to identify can be considerable. This is especially true in this case where a plaintiff has filed a substantial number of cases. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. Plaintiff knew from reading the complaint forms that he was required to disclose all prior cases and appeals. Doc. 13 at 27; Doc. 1 at 17. He also was aware that the penalty for failing to disclose his entire litigation history was dismissal. Doc. 13 at 27; Doc. 1 at 17; *see* Doc. 10 at 8 n.2; *Zuniga-Mejia v. Filipczack*, No. 5:20-cv-258-RV-MJF (N.D. Fla. Apr. 21, 2021) (dismissing Plaintiff's complaint without prejudice for failing to disclose honestly and accurately his litigation history).

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. Plaintiff is an experienced litigator in federal court, and the questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the

questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions).

To the extent he could not remember fully his litigation history or was unsure whether to disclose these cases, Plaintiff could have indicated that on the complaint form as he did with the Middle District case that was dismissed between 1997 and 1999. He did not. Rather, he affirmatively stated he had only filed five civil cases and two appeals.

Finally, a claim that Plaintiff could not remember his cases would strain credulity. Upon the filing of every *pro se* case, the court mails the litigant a memorandum providing, among other information, the case number assigned to the filing. Doc. 2. The memorandum also instructs the litigant to "keep one copy of all documents you file or receive in this case for your personal records." *Id.* ¶ 4; *see Zuniga-Mejia v. Thomas*, No. 5:22-cv-86-TKW-MJF, ECF No. 2 (mailed to Plaintiff on May 6, 2022). Furthermore, litigants are mailed a copy of every order entered in the case, including reports issued by the magistrate judge and orders issued by the district judge disposing of the case. It is Plaintiff's responsibility to maintain a record of the cases he has filed and the results of that

litigation. To the extent Plaintiff did not have a complete a list of his litigation history, Plaintiff had over sixty days to request from the clerk of the court a list of all cases he had previously filed in the Northern District of Florida. Plaintiff did not. *See generally* Fed. R. Civ. P. 11(b) (requiring litigants to certify that "to the best of [his] knowledge, information and belief formed after an inquiry" the "factual contentions [in the pleading] have evidentiary support.").

### E.  The Appropriate Sanction is Dismissal

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013). Federal courts cannot let false responses to go unpunished.

Dismissal without prejudice is an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the District Court with true statements or responses.

The undersigned notes that the statute of limitations likely will bar Plaintiff from refiling his complaint. Dismissal without prejudice, therefore, is tantamount to a dismissal with prejudice. *See Stephenson v. Warden, Doe*, 554 F. App'x 835, 837 (11th Cir. 2014). As discussed above, in the instant action, Plaintiff received several warnings that any failure to disclose his litigation history would result in dismissal. Doc. 10 at 8 n.2; Doc. 13 at 27; Doc. 1 at 17; *Zuniga-Mejia v. Filipczack*, No. 5:20-cv-258-RV-MJF (N.D. Fla. Apr. 21, 2021) (dismissing Plaintiff's complaint without prejudice for failing to disclose honestly and accurately his litigation history).

Plaintiff also was aware that he should have information relating to his prior federal cases in his possession and, to the extent he did not, that he could request that information from the clerk of the court. This court further gave Plaintiff sixty days to file an amended complaint with a full disclosure of Plaintiff's litigation history. Yet, Plaintiff still failed to disclose all of his litigation history. As such, dismissal without

prejudice is warranted. *See Bell v. Finch*, No. 20-12772-B, 2020 WL 10506767, at *1 (11th Cir. Dec. 2, 2020) (affirming dismissal for maliciousness despite the statute of limitations running).

### F. No Lesser Sanction Would Suffice

No lesser sanction would suffice to deter plaintiff's conduct. For example, providing Plaintiff yet another opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (holding that district court did not abuse its discretion by denying leave to amend the complaint so that the plaintiff could disclose lawsuits that should have been disclosed initially). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Furthermore, Plaintiff is indigent and likely would refuse to pay any fine imposed by the court. *See Zuniga-Mejia v. Godwin,* No. 5:23-cv-20-TKW-MJF (N.D. Fla) (dismissed because Plaintiff intentionally mislead the court regarding his financial status and refused to pay the filing fee); Doc. 7 at 11–12 (a copy of

Plaintiff's inmate trust account that reflects Plaintiff intentionally divested himself of funds after he commenced this civil action that could have been used to pay an initial partial filing fee in this case).[3]

Dismissal would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process.

2. **DIRECT** the clerk of the court to close this case.

---

[3] Although Plaintiff was granted leave to proceed *in forma pauperis*, Plaintiff has not yet paid the initial partial filing fee because he intentionally depleted the funds from his inmate trust account. On the date Plaintiff commenced this civil action, Plaintiff had a balance of $55.85 in his inmate trust account. Doc. 7 at 11. Despite being an experienced litigator in federal court, Plaintiff did not submit a motion to proceed *in forma pauperis*. Between July 26, 2023, and September 14, 2023 (the date Plaintiff finally submitted his motion to proceed *in forma pauperis*), Plaintiff had depleted his account balance by purchasing items from the prison's canteen. *Id.* at 11–12.

At Pensacola, Florida, this <u>6th</u> day of August, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**