UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDGAR ZUNIGA-MEJIA,
    Plaintiff,

v.                                                      Case No.: 5:23cv205-TKW/MJF

JEFF THOMAS, et al.,
    Defendants.
_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 14) and Plaintiff's objection (Doc. 17). The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed as malicious and an abuse of the judicial process based on Plaintiff's failure to completely and honestly disclose his litigation history. *See Burrell v. Warden*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process.").

The Court did not overlook that the dismissal of this case *without* prejudice is effectively a dismissal *with* prejudice because the statute of limitations has run on

Plaintiff's claims. However, the statute of limitations on these claims had already run when Case No. 5:23cv20 (which raised the same claims) was dismissed in March 2024.¹ Moreover, even though the statute of limitations has run, the Court agrees with the magistrate judge's determination that, under the circumstances, nothing short of dismissal would be a sufficient sanction for Plaintiff's failure to honestly disclose his litigation history.

The Court also did not overlook Plaintiff's argument that the two cases Plaintiff failed to disclose (Case Nos. 5:22cv86 and 5:22cv87) are not "prior litigations" because they "are the same cases." However, that argument is meritless because each case docketed by the Clerk is separate and distinct even though one case may involve the same or similar allegations as an earlier case. That is true even if the case is filed after an earlier case is dismissed "without prejudice." *See Zuniga-Mejia v. Thomas*, 2022 WL 4856309, at *1 (N.D. Fla. Oct. 3, 2022) ("[A]lthough dismissal of a case without prejudice allows the plaintiff to reassert the claims in that case in another case (assuming the statute of limitations has not expired), the new

---

¹ This is the sixth case in which Plaintiff has asserted essentially the same claims against the same defendants involving (1) a prison dentist allegedly pulling the wrong tooth in January 2019 and (2) adverse action that Plaintiff was allegedly subjected to from January to October 2019 in retaliation for filing grievances about the dentist. The first two cases (Case Nos. 5:20cv258 and 5:20cv284) were dismissed for failure to disclose litigation history; the next two cases (Case Nos. 5:22cv86 and 5:22cv87) were dismissed for failure to pay the filing fee or file a motion to proceed in forma pauperis (IFP); and the fifth case (Case No. 5:23cv20) was dismissed because Plaintiff provided false information in his IFP filings. Plaintiff appealed the dismissal of the fifth case, but the appeal was dismissed for failure to prosecute. *See Zuniga-Mejia v. Godwin*, 11th Cir. Case No. 24-11089, ECF Doc. 5 (May 1, 2024).

case is not a continuation of the prior case and it is not exempt from the payment of a filing fee.").

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. This case is **DISMISSED without prejudice** as malicious and an abuse of process under 28 U.S.C. §1915A(b)(1).

3. The Clerk shall enter judgment in accordance with this Order and close the case.

**DONE and ORDERED** this 16th day of September, 2024.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**